# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES,**

            **Plaintiff,**

-vs-                                                  **Case No. 6:08-cv-2062-Orl-31KRS**

**$236,130.00 IN U.S. CURRENCY, 2006**
**DODGE CHARGER R/T VIN**
**#2B3KA53H66H311328,**

_____

# ORDER

This matter comes before the Court on the Motion to Dismiss for Lack of Jurisdiction (Doc. 15) filed by Jimmy Ray Willis and Henry Long (henceforth, the "Claimants") and the response (Doc. 18) filed by the Government. The money and vehicle at issue in this *in rem* proceeding were seized on August 26, 2008 during a traffic stop, at which time the vehicle was occupied by Willis and Long.

On September 8, 2008, the state of Florida initiated *in rem* forfeiture proceedings against the 2006 Dodge Charger and against some of the cash at issue here. On October 1, 2008, after additional cash was found secreted in the trunk of the Charger, the state filed a superseding forfeiture case against the collective *res* at issue in this case. (Doc. 15 at 3). On November 25, 2008, the seizing agency -- the Florida Department of Highway Safety and Motor Vehicles ("FDHSMV") -- filed motions for voluntary dismissal of the two state forfeiture actions. The motions were granted in December.

Counsel for the Claimants subsequently sought to set aside the dismissals, arguing that they were erroneously entered and ineffective. Counsel argued that the Florida Rule of Civil Procedure relied on by the trial court[1] requires a stipulation of dismissal signed by all the parties who appeared in the action, and Willis and Long never signed such a stipulation. (Doc. 15 at 4). On February 9, 2009, the state court vacated its order dismissing one of the *in rem* actions. The record does not disclose whether the other dismissal order has been vacated.

The federal government filed the instant forfeiture action on December 10, 2008, obtaining possession of the vehicle on January 12, 2009, and possession of the currency on February 4, 2009. Thus, the instant action was filed (and possession of the *res* was obtained) during the period after the state court dismissed the two forfeiture actions but before the state court vacated one of those dismissals. Willis and Long filed their claims in this action on January 23, 2009.

Willis and Long argue that because the state court's dismissals were improper under Fla.R.Civ.P. 1.420(a)(1), they were ineffective, and therefore the state court never relinquished *in rem* jurisdiction over the property at issue here. If true, this would prevent this Court from exercising jurisdiction over the defendant *res*. "To avoid unseemly and disastrous conflicts in the administration of our dual judicial system, and to protect the judicial processes of the court first assuming jurisdiction, the principle, applicable to both federal and state courts, is established that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Penn General Casualty Co. v. Commonwealth*, 294 U.S. 189, 195 (1935) (citations omitted). However, by its terms, Fla.R.Civ.P. 1.420(a)(1) does not apply in cases

---

[1]In their motion, the Claimants contend that the rule at issue was Fla.R.Civ.P. 1.420(a)(1)(B), but no such rule exists. It appears that they meant to cite Fla.R.Civ.P. 1.420(a)(1).

"in which property has been seized or is in the custody of the court." Thus the FDHSMV could not have dismissed the *in rem* proceeding in the manner asserted by the Claimants -- *i.e.*, by filing a stipulation of dismissal signed by all the parties appearing in the proceeding.

And the record shows that it did not attempt to do so. Rather, the FDHSMV filed motions seeking dismissal pursuant to Fla.R.Civ.P. 1,420(a)(2), which provides in pertinent part that "Except as provided in subdivision (a)(1) of this rule, an action shall not be dismissed at a party's instance *except on order of the court and upon such terms and conditions as the court deems proper*." (Doc. 18-3 at 1). Thus, the Claimants' argument that the state court dismissals were improper under Fla.R.Civ.P. 1.420(a)(1) fails.

However, this is not the end of the matter. The Eleventh Circuit has determined that, under Florida law, a state court's *in rem* jurisdiction "does not end before it issues a final order *directing the disposition of the property*." *United States v. $270,000 in U.S. Currency, Plus Interest*, 1 F.3d 1146, 1149 (11th Cir. 1993) (emphasis added). Though apparently final, the orders of dismissal entered by the state court here do not direct any disposition of the property. They simply dismiss the action without prejudice and direct the clerk to close the case. (Doc. 18-2, 18-3). The Claimants raised this issue in their motion, (Doc. 15 at 9), but the Government did not specifically respond to it, instead arguing that entering the dismissals constituted a relinquishment of jurisdiction by the state court (Doc. 18 at 13). Based on *United States v. $270,000 in U.S. Currency, Plus Interest*, the Court finds that the state court never relinquished jurisdiction over the *res* at issue in this case. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss for Lack of Jurisdiction (Doc. 15) is **GRANTED IN PART**, and this action is **DISMISSED WITHOUT PREJUDICE**. The warrants of arrest *in*

*rem* previously entered in this case are **QUASHED**, and the Marshals are directed to release the defendant *res*. And it is further

      **ORDERED** that the Claimants' request for an award of an attorneys' fees is **DENIED**. The Claimants have not cited any legal authority for such an award.

      **DONE** and **ORDERED** in Chambers, Orlando, Florida on March 2, 2009.

*[signature]*
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party